UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD THOMPSON,<br><br>Defendant. | Case No.<br><br>FILED UNDER SEAL |

### GOVERNMENT'S MOTION TO SEAL INDICTMENT AND DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the Indictment, arrest warrant, this motion and proposed order, and any order granting this motion, and to delay entry of Richard Thompson on the public docket until the arrest warrant for the defendant is executed, at which time the Indictment and related documents shall be automatically unsealed. In support thereof, the Government states as follows.

On September 9, 2025, the defendant was charged in an indictment, which included violations of 18 U.S.C. § 922(g)(1). The case was a grand jury original, and the defendant is unaware of the investigation or charges. The Government is now requesting a warrant for the defendant's arrest.

Public disclosure of the existence of the Indictment and related materials could alert the defendant, along with any other potential targets, that they are under investigation, which could cause the defendant and any other associates, to destroy or conceal incriminating evidence or to attempt to evade arrest.

As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the indictment are not accessible on the public docket is narrowly tailored to serve that compelling interest. Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that the defendant is charged with a crime, and that the Government intends to arrest that person. Thus, if this motion or a sealing order were to become public, it would be the same as making public the indictment.

To ensure that the indictment and related documents are unsealed promptly upon the arrest of the defendant, the Government requests that these documents be automatically unsealed by operation of the Court's order, and that the Government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the Indictment, arrest warrants, this motion and proposed order, and any order granting this motion, and to delay entry of the defendants on the public docket until the arrest warrants have been executed, at which time the

Indictment and related documents shall be automatically unsealed and may be publicly shared by the Government.

                                      Respectfully submitted,

                                      JEANINE FERRIS PIRRO
                                      United States Attorney

By:   */s/ Haley Pennington*
       HALEY PENNINGTON
       Special Assistant United States Attorney
       IL Bar No. 6349612
       601 D Street, NW
       Washington, DC 20530
       Email: haley.pennington2@usdoj.gov
       Cell: (202) 740-4684